**\*\* E-filed March 23, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOROTHY LANAGAN,<br><br>   Plaintiff,<br>   v.<br><br>SANTA CRUZ COUNTY METRO TRANSIT DISTRICT,<br><br>   Defendant.<br>_____/ | No. C09-01835<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO AMEND AND (2) DENYING DEFENDANT'S MOTION FOR INVOLUNTARY DISMISSAL**<br><br>[Re: Docket Nos. 26, 28] |

Pro se plaintiff Dorothy Lanagan sued her former employer, Santa Cruz Metropolitan Transit District ("Metro"), alleging that her supervisors repeatedly harassed and intimidated her in connection with Metro's driving tests. The parties now present competing motions: plaintiff moves to amend her complaint (Docket No. 26), while defendant moves to involuntarily dismiss plaintiff's existing complaint (Docket No. 28). Lanagan opposes defendant's motion,[1] but defendant did not file an opposition or statement of non-opposition to her motion. Upon consideration of the motion papers and the arguments presented at the hearing, the court grants plaintiff's motion and denies defendant's motion.[2]

///

///

---

[1] Lanagan filed her one-page opposition to defendant's motion ten days late.

[2] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

**PROCEDURAL HISTORY**

In April 2009, Lanagan filed her original complaint (Docket No. 1), which defendant answered (Docket No. 7). In preparation for the initial Case Management Conference ("CMC") on September 1, Metro says that it tried to meet and confer with Lanagan in August. However, Metro claims that she failed to respond before it filed a separate CMC statement on August 25.[3] (Docket No. 16.) Two days later, both Lanagan and Metro participated in an Alternative Dispute Resolution ("ADR") telephone conference. Even so, Lanagan still failed to appear at the initial CMC. The court subsequently issued an Order to Show Cause, requesting Lanagan's presence before the court on September 29 (Docket No. 21), but she failed to appear for that hearing as well.

The parties then scheduled an early settlement conference before Magistrate Judge Trumbull. The day before that conference, Lanagan telephoned this court and represented that she had been unaware of both the initial CMC and Show Cause hearing dates. Because Lanagan did appear for the settlement conference on October 14, this court declined to take action on the Order to Show Cause.[4] The settlement conference was unsuccessful, however, and there has been no activity on the docket for this case until the parties filed the motions at issue today.

**DISCUSSION**

**A.   Motion to Amend**

Plaintiff requests that the court grant her leave to file a First Amended Complaint, the contents of which she included as part of her motion.[5] Her amended complaint includes allegations that she faced a hostile work environment and that her union refused to file a grievance on her behalf. It further provides specific details concerning several driving tests and other events she alleges took place during her employment with Metro. She asserts that she has documentation that will support her claims.

---

[3] Metro's counsel states that Lanagan did leave him a message in August, but that he was not informed of the message until mid-September.

[4] Due to an administrative error, the Order to Show Cause was not discharged on this case's electronic docket.

[5] In her moving papers, plaintiff also complains about the accuracy of a deposition notice that she received from defendants. However, given the overall content of plaintiff's papers, the court interpreted her request only as a motion to amend.

A court may grant a party leave to amend its pleading, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, courts apply the policy of this rule with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The opposing party has the burden of showing why the court should deny the amendment. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

Lanagan's amended complaint may provide defendant and this court with a better understanding of her claims. As a result, justice supports granting her leave to amend. By failing to oppose her motion, Metro did not meet its burden of showing why the court should do otherwise. That said, Metro's motion for involuntary dismissal discusses factors similar to those the court considers for a motion to amend, such as prejudice and undue delay. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Accordingly, the court will consider defendant's motion for involuntary dismissal in tandem with Lanagan's motion to amend.

**B.     Motion for Involuntary Dismissal**

Metro moves to involuntarily dismiss Lanagan's case on grounds that she failed to meet and confer for the initial CMC, that she failed to provide defendant with initial disclosures, and that she failed to appear for either the CMC or the subsequent Show Cause hearing. In her brief opposition, Lanagan does not address Metro's contentions, but instead argues against dismissal so this court may rule on the merits of her case.

The Federal Rules allow a party to move to dismiss an action where the plaintiff fails to prosecute or comply with either the Rules or a court order. Fed R. Civ. P. 41(b). Yet "[d]ismissal is a harsh penalty" and a court should only impose it "in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In making its decision, the court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* Although the court must consider each factor, it "is not required to make specific findings on each of the essential factors." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

///

3

1    Metro argues that these factors weigh in favor of dismissal. It says that Lanagan's failures
2 have caused unreasonable delays in the case and that it has been prejudiced as a result because it has
3 been forced to conduct formal discovery just to get information she should have disclosed on her
4 own. Although Metro admits that a policy of hearing a case on the merits normally weighs against
5 dismissal, it argues that it does not in this case because Lanagan's failure to participate in discovery
6 means that "she will likely be precluded from presenting any factual basis upon which a trier of fact
7 can rule in her favor." (Mot. 8.) It also argues that neither monetary nor evidentiary sanctions
8 would be effective.

9    The court disagrees that these factors support an involuntary dismissal at this time.
10 Although the court does not condone Lanagan's failure to participate as she should concerning
11 initial disclosures and discovery, it also recognizes that she has not been absent from this case. She
12 did participate in the ADR telephone conference and later settlement conference, and she has
13 contacted this court concerning her case. Her amended complaint, which she filed voluntarily, also
14 provides more information than her original, three-page complaint. Furthermore, the court can take
15 steps to ensure that defendant is not prejudiced by Lanagan's discovery failures to date, while still
16 allowing the case to proceed to the merits.

## CONCLUSION

18    Based on the foregoing, the court GRANTS Lanagan's motion to amend and DENIES
19 WITHOUT PREJUDICE Metro's motion for involuntary dismissal. The court adopts Lanagan's
20 amended complaint, as presented in her motion, as her First Amended Complaint. Defendant may
21 answer or otherwise respond to the First Amended Complaint within twenty-one days. In addition,
22 Lanagan shall provide her initial disclosures to Metro within ten days of receipt of this order,
23 respond to Metro's request for admissions within fourteen days of receipt of this order, and
24 complete her deposition within thirty days of receipt of this order.[6]

25 ///
26 ///
27

28 [6] Discovery in this case closed on March 15, 2010. (Docket No. 20.) Accordingly, if Lanagan wishes to propound her own discovery in this case, she must seek leave of the court to do so.

4

As discussed at the motion hearing, if Lanagan fails to adhere to the Federal Rules of Civil Procedure or this court's orders, then the court will consider appropriate sanctions, including the involuntary dismissal of her case.

**IT IS SO ORDERED.**

Dated: March 23, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C09-01835 HRL** N**otice will be electronically mailed to:**

Donald Douglas Shureen    doug.shureen@mcmillanshureen.com, sonja.gray@mcmillanshureen.com

**Notice will be sent by other means to:**

Dorothy Lanagan
631 Bronte Avenue
Watsonville, CA 95076

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**