\*\* E-filed August 17, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOROTHY LANAGAN, | No. C09-01835 HRL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO DENY COSTS** |
| v. | |
| SANTA CRUZ METROPOLITAN TRANSIT DISTRICT, | **[Re: Docket No. 63]** |
| Defendant. | |

*Pro se* plaintiff Dorothy Lanagan ("Lanagan") sued her former employer, the Santa Cruz Metropolitan Transit District ("Metro"), alleging what appeared to be claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Fair Employment Housing Act ("FEHA"). The Court granted her application to proceed *in forma pauperis* ("IFP") based on her limited financial resources. (Docket No. 4.) The Court ultimately granted Metro's motion for summary judgment and entered judgment in favor Metro. (Docket No. 59.)

As the prevailing party, Metro submitted a bill of costs totaling $2,769.59, and Lanagan moved for the Court to deny, or alternatively, reduce the costs.[1] (Docket Nos. 61 & 63.) In her motion, Lanagan argues that the costs should be denied because of her limited financial resources.[2]

---

[1] The Clerk of the Court approved costs in the amount of $2,659.59 as costs in the amount of $110.00 were disallowed as outside of the ambit of Civil Local Rule 54-3. (Docket No. 62.)

[2] Lanagan also argues in her motion that her lawsuit was filed in good faith and not to harass or molest the defendant unnecessarily and so the costs should be denied on this basis. The Ninth Circuit, however, has previously held this argument to be insufficient to justify the denial of costs to a prevailing party. *See National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). But the court's discretion is not unlimited; it must "specify reasons" for denying costs. *Id.* at 591-92 (citing *Subscription Television, Inc. v. Southern Cal. Theater Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).

One reason for denying costs has been a non-prevailing party's limited financial resources. *See National Org. for Women v. Bank of California*, 680 F.2d 1291, 1294 (9th Cir. 1982); *see also Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983). Indeed, and especially in civil rights cases, "[i]ndigency is a factor that the district court may properly consider in deciding whether to award costs." *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (citing *National Org. for Women v. Bank of California*, 680 F.2d at 1294 (9th Cir. 1982)).

## DISCUSSION

In her motion, Lanagan claims that she cannot pay the $2,659.59 bill of costs because (a) her monthly costs total $2,586 and (b) she does not have a job and her husband only earns about $2,700 per month.[3] (Motion at 2.) At oral argument, Lanagan, under penalty of perjury, testified that her expenses as detailed in her motion were true and correct, that sometimes her husband's pay was much less than $2,700, and that her lack of assets as detailed in her IFP application has not changed.

Given her very limited financial resources, the Court finds Lanagan's argument compelling. In *Stanley*, the Ninth Circuit found that the "mere fact that [the non-prevailing plaintiff] had not

---

(district court abused its discretion by denying costs based on the insufficient reason that the plaintiffs brought their case in good faith and without vexatious purpose).

[3] Lanagan breaks down her monthly expenses as follows: Rent: $1,100; Utility Bills: $300; Car Insurance: $31; Food: $700; Medical Expenses: $80; Assistance to Her Daughter: $375. (Motion at 2.)

1  obtained employment at the time of the filing of the cost bill is persuasive evidence of the possibility
2  she would be rendered indigent" if she were made to pay the $46,710.97 in costs awarded by the
3  district court. *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1080 (9th Cir. 1999). Here,
4  Lanagan has no job and relies upon her husband's income, and it is clear from their monthly
5  income, expenses, and absence of savings that Lanagan cannot afford to pay the costs.
6      Based on the foregoing, Lanagan's motion to deny costs is GRANTED.
7      **IT IS SO ORDERED.**
8  Dated: August 17, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1 **C09-01835 HRL** **Notice will be electronically mailed to:**

2 Donald Douglas Shureen      doug.shureen@mcmillanshureen.com,
sonja.gray@mcmillanshureen.com

3

4 **Notice will be provided by other means to:**

5 Dorothy Lanagan
631 Bronte Avenue
6 Watsonville, CA 95076

7 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**